**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**RONALD AIKEN,**<br><br>**Defendant.** | **Criminal Action No. 25-179 (JEB)** |

## MEMORANDUM OPINION

Ronald Aiken is charged with a single count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). With trial set for late September, the Government moves to introduce evidence of his prior gun conviction in its case-in-chief via Federal Rule of Evidence 404(b) and, in the event that he testifies, to impeach him, under Rule 609, with that conviction as well as two others for drug possession. The Court will permit the Government to admit much of the firearms evidence in both its case-in-chief and for impeachment purposes. It will not, conversely, permit impeachment with the drug convictions.

## I. Background

On June 10, 2025, Metropolitan Police Department officers pulled over the vehicle Aiken was driving. See ECF No. 43 (Mot.) at 1. During the encounter, Defendant stated, in reference to a backpack inside of the vehicle, "Sir, that bookbag, it has my sister's beer in it. She just got out. I just dropped her off at the house." Id. at 2. An officer searched the backpack and found various pill bottles not in Defendant's name, mail addressed to him, and a loose round of ammunition. Id. at 4–5. Officers proceeded to search the car and located a firearm wedged between the backseat and the trunk. Id. at 6–7. The car was registered to Aiken, though during

his detention hearing, he proffered that the vehicle was registered to him as a favor to his nephew, who had too many tickets to be able to register a car. See ECF No. 51 (Reply) at 3–4. Aiken is charged with a single count of violating 18 U.S.C. § 922(g)(1). See ECF No. 1 (Indictment) at 1. The Government has now filed a Motion pursuant to Federal Rules of Evidence 404(b) and 609 relating to the following prior convictions: (1) a 2023 conviction for felon in possession of a firearm; (2) a 2023 conviction for possession of a Schedule I or II controlled substance; and (3) a 2023 conviction for possession of liquid PCP. It seeks to admit only the prior gun conviction under Rule 404(b) and to impeach Defendant with all three, should he testify, under Rule 609.

## II. Legal Standard

Rule 404(b)(1) provides that "[e]vidence of any crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" — in other words, that a person has a propensity to commit a bad act. Such evidence is, however, admissible for other purposes, including "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); see also United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.").

Evidence that withstands scrutiny under Rule 404(b) may nevertheless be inadmissible under Rule 403 if the risk of "unfair prejudice" associated with it — including the forbidden propensity inference — "substantially outweigh[s]" its probative value. "[E]vidence of other crimes or acts having a legitimate nonpropensity purpose . . . may nevertheless contain the seeds of a forbidden propensity inference," and thus "Rule 403's balancing of prejudice and

probativeness may still bar the introduction of [the] evidence." United States v. McGill, 815 F.3d 846, 880 (D.C. Cir. 2016) (internal quotation marks and citation omitted). Rule 403's "requirement that the danger of unfair prejudice substantially outweigh probative value calls on [the court], in close cases, to lean towards admitting evidence." United States v. Straker, 800 F.3d 570, 589 (D.C. Cir. 2015).

Rule 609 authorizes the admission and use of certain prior criminal convictions to impeach a witness. This Circuit "has recognized that 'all convictions that meet the Rule 609(a)(1) threshold are at least somewhat probative of credibility.'" United States v. Anderson, 174 F. Supp. 3d 104, 106 (D.D.C. 2016) (quoting United States v. Lipscomb, 702 F.2d 1049, 1051 (D.C. Cir. 1983) (*en banc*)). Felony convictions "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant," Fed. R. Evid. 609(a)(1)(B), and any conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Id. at 609(a)(2). In conducting the balancing test under Rule 609(a)(1)(B), a court considers, *inter alia*, "the nature of the crime, the time of conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case." United States v. Jackson, 627 F.2d 1198, 1209 (D.C. Cir. 1980).

## III. Analysis

### A. Rule 404(b)

The Government first seeks to admit evidence of Defendant's prior gun conviction. See Mot. at 9–15. It argues that because Aiken will likely dispute that he knowingly possessed the ammunition recovered from the backpack and the firearm recovered from the trunk of his car, his

prior conviction is probative of his knowledge, intent, and the absence of mistake or accident under Rule 404(b). Id. at 11, 14. The prior conviction is specifically probative in this constructive-possession case, the Government argues, because it shows not only Defendant's familiarity with firearms, but also the "distinct concealment method." Id. at 14. That is, "[i]n both instances, the firearm was not tossed in the vehicle compartment but was instead deliberately wedged into a tight gap within the vehicle's cabin — the first instance being between the driver's seat and console, and this instance being [between] the trunk and rear passenger seat." Id.

Under the "well established 'two-step analysis' used in this [C]ircuit to determine the admissibility of prior bad acts," courts must first decide whether the evidence is "probative of some material issue other than character" and then determine whether the evidence is barred by other "general strictures limiting admissibility," the most important of which is Rule 403. United States v. Washington, 969 F.2d 1073, 1080–81 (D.C. Cir. 1992). For the first part of the analysis, courts must consider whether the prior-crimes evidence "tend[s] to make the existence of any fact that is of consequence to the determination of this action . . . more probable or less probable than it would be without the evidence." United States v. Linares, 367 F.3d 941, 946 (D.C. Cir. 2004) (quoting Fed. R. Evid. 401).

To begin, under 18 U.S.C. § 922(1)(g), the Government must prove that Defendant possessed a firearm. Henderson v. United States, 575 U.S. 622, 626 (2015). Such possession can be either actual or constructive. Id. Here, the Government is advancing only a constructive-possession theory. See Reply at 2. In cases of constructive possession, "[b]ecause the dominion and control must be knowing,' 'mere proximity or accessibility to contraband is not enough[,] and there must be 'testimony connecting the defendant with the incriminating circumstances."

United States v. Garner, 396 F.3d 438, 443 (D.C. Cir. 2005) (cleaned up). The Government thus must prove that Aiken "knew of[] and was in a position to exercise dominion and control over," the weapon. United States v. Clark, 184 F.3d 858, 863 (D.C. Cir. 1999) (citation omitted). When the theory of possession is constructive, this Circuit has held that prior firearm possession by a defendant is probative of his knowledge and intent to possess a weapon. See, e.g., United States v. Cassell, 292 F.3d 788, 794–95 (D.C. Cir. 2002) ("A prior history of intentionally possessing guns . . . is certainly relevant to the determination of whether a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so."); cf. Linares, 367 F.3d at 946–48 (excluding prior-conviction evidence because jury considered only actual possession, not constructive possession).

Defendant counters that the Government seeks to introduce evidence of his prior conviction exclusively to argue or imply that he has a propensity to possess firearms. See ECF No. 49 (Opp.) at 4–6. Aiken attempts to distinguish this case from others in the Circuit, arguing that the Government's task of proving constructive possession in those cases was more difficult because a third party owned the property where the firearms were found. See Opp. at 9–10. In United States v. Jefferson, 2021 WL 6196988 (D.D.C. Dec. 30, 2021), for example, the firearm at issue was recovered from a car registered in someone else's name, and in United States v. McCarson, 527 F.3d 170 (D.C. Cir. 2008), the firearm was recovered from the defendant's girlfriend's home. As a result, Defendant suggests, evidence of the prior gun possession was particularly probative. See Opp. at 9–10. The Government's ability to prove constructive possession here, conversely, would be easier, Defendant maintains. Id. at 10.

The question, however, is not whether the Government's efforts to prove constructive possession would be easier, but instead whether the evidence makes the existence of a fact of

consequence "more likely." Linares, 367 F.3d at 946. Indeed, Rule 404(b) "is a rule of inclusion rather than exclusion" and is "quite permissive." United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000) (citation omitted). Here, that standard is easily met. In any event, a closer look at the facts reveals stronger parallels to those cases than Defendant suggests. True, the firearm at issue was found inside a car registered to Aiken, and the ammunition was located inside a bag containing his mail. Aiken may therefore argue that those facts much more strongly point to knowledge than in Jefferson and McCarson. Still, the pill bottles located in the bag were not prescribed to him, see Mot. at 4, he claimed that the beer can belonged to his sister, who he said had just exited the car, id. at 2, and he asserted that the backpack in which the ammunition was found belonged to his girlfriend. See Reply at 3. At the detention hearing, moreover, Defendant proffered that "the vehicle was only registered to [him] as a favor to his nephew[,] who had too many tickets to be able to register a car." Mot. at 3–4. He therefore might well argue that (1) the vehicle was not in his sole possession and in effect belonged to his nephew, and (2) many items in the car, including the firearm and ammunition, did not belong to him. Because those arguments would hamper the Government's ability to prove constructive possession, the prior gun conviction is highly relevant here.

The fact that in both of Aiken's arrests the firearm was lodged in a tight gap within the vehicle also supports admission of the evidence for a non-propensity purpose. The Government may use the facts underlying his prior conviction — where officers found a pistol lodged between the driver's seat and center console, see Mot. at 8 — to argue that Defendant's possession of a firearm wedged between the trunk and backseat was knowing because he previously used a similar tactic to store his weapon. Although in the earlier conviction the firearm was found in plain view near the driver's seat, not in the trunk, see Opp. at 7, it was

nevertheless wedged next to a seat in the vehicle. See Mot. at 8. A jury could find the factual parallels between Defendant's prior conviction and present charge probative for knowledge, rather than propensity purposes.

Last, the mere possibility that the prior conviction might be inferred as relating to Aiken's character does not demand exclusion. Rule 404 "does not prohibit character evidence generally, only that which lacks any purpose but proving character." Bowie, 232 F.3d at 930 (emphasis added). As evidence of his prior conviction may be offered for non-propensity purposes — namely, that he knowingly possessed the firearm in question — it is admissible under Rule 404(b).

The analysis does not stop here. Even if an item of evidence withstands scrutiny under Rule 404(b), it still must pass muster under Rule 403 — and here, it does. The probative value of Defendant's prior conviction is not substantially outweighed by the risk of unfair prejudice. In general, "Rule 403 tilts, as do the rules as a whole, toward the admission of evidence in close cases, even when other crimes evidence is involved." Cassell, 292 F.3d at 795 (quotation marks and citation omitted).

There is no doubt that "manifest prejudice can result when the jury is informed of a prior conviction that is similar to the charged offense." United States v. Coleman, 552 F.3d 853, 860 (D.C. Cir. 2009); United States v. James, 555 F.2d 992, 1001 n.49 (D.C. Cir. 1977)) ("[Jurors] will very naturally believe that a person is guilty of the crime with which he is charged if it is proved to their satisfaction that he has committed a similar offense, or any offense of an equally heinous character."). But Rule 403 renders evidence inadmissible only if it presents a risk of "unfair prejudice" or prejudice that is "compelling or unique" sufficient to substantially outweigh its probative value. United States v. Appiah, 2020 WL 3469688, at *7 (D.D.C. June 25, 2020)

(quoting United States v. Mitchell, 49 F.3d 769, 777 (D.C. Cir. 1995)). Such risk here does not rise to that level.

Defendant relies on United States v. Burns, 2025 WL 1078781 (D.D.C. Apr. 10, 2025), to argue the contrary. Burns, to start, is not binding on this Court; in any event, it is distinguishable. There, the Government planned to prove actual possession through evidence that officers had witnessed the defendant remove a gun from his side and throw it over a fence, and the defendant intended to counter by arguing that he threw something else. Id. at *6. Judge Jia Cobb excluded prior-robbery evidence that the Government sought to admit under Rule 404(b), explaining that the D.C. Circuit has typically allowed evidence of prior gun convictions where the defendant has an argument that someone else possessed the gun and therefore the Government needs the prior-conviction evidence to prove knowledge. Id. at *6–7. Such evidence was not relevant in Burns, Judge Cobb concluded, as it solely concerned the defendant's actual possession. Id. This, by contrast, is a constructive possession case where knowledge is the main disputed element and the "other-crimes evidence . . . is relevant" to knowledge. Id. at *7. In addition, the prejudicial effect here is much lower than in Burns because the Government is attempting to admit one — not three — prior convictions, and the conviction is not one of a violent nature. See Mot. at 8.

Finally, probative value "may be calculated by comparing evidentiary alternatives." Old Chief v. United States, 519 U.S. 172, 184 (1997). The probative value may be "discount[ed]" if an alternative has "substantially the same or greater probative value but a lower danger of unfair prejudice." Id. at 182–83. Here, however, there is no alternative piece of evidence with the same or greater probative value tending to make the knowledge element more probable. Defendant contends that the Government has "ample other evidence, outside of Aiken's prior

firearm conviction, relevant to proving its theory of constructive possession," such as the car's registration in his name and mail addressed to him located inside the backpack. See Opp. at 10. But it is equally likely that Defendant will use the other items in the car not in his name to assert that he did not knowingly control the firearm. The Court will therefore permit the Government to introduce evidence that Aiken was previously convicted of a firearm offense and that the gun in that case was wedged between the seat and console of his car. The Government may not introduce other evidence regarding the prior case, including the recovery of drugs. Nor may it introduce evidence that the conviction was for felon in possession because that would indicate that he has previously been convicted of another separate felony. The earlier felony was for possession of liquid PCP — which would have limited probative value here — and disclosure to the jury that Aiken was previously convicted of another felony would be excessively prejudicial.

B. Rule 609

The Government next seeks, should Defendant testify, to impeach him pursuant to Rule 609 with his prior convictions for (1) felon in possession of a firearm; (2) unlawful possession of a Schedule I or II controlled substance; and (3) attempted unlawful possession of liquid PCP. See Mot. at 15. Both drug convictions are felonies.

As an initial matter, because the Court has already permitted the Government to introduce facts related to Defendant's prior firearm conviction in its case-in-chief under Rule 404(b), there is no added prejudice in permitting it to impeach him with those same facts. See United States v. Moore, 75 F. Supp. 3d 444, 456 (D.D.C. 2014) (collecting cases in which courts declined to find added prejudice from Government's use of prior conviction for Rule 609 purposes when court had already deemed prior conviction admissible under Rule 404(b)). Although the probative

value of that conviction may well be relatively low as to credibility, it is not outweighed by prejudicial impact, as is required by Rule 609 for exclusion.

As to the drug convictions, the Government argues that "all felonies have some probative value" and that such convictions are particularly probative where a defendant's credibility is a central issue in the case. See Mot. at 17. The "serious nature of the defendant's prior offenses," it contends, "may be considered by the jury as indicative of his lack of veracity as it is probative of the defendant's respect for the law and is directly relevant to an examination of credibility." Id. Aiken responds that, should he testify, his prior convictions would have no bearing on his ability to tell the truth. See Opp. at 12. Felonies that do not demonstrate dishonesty are "minimally probative of a witness's credibility under Rule 609," he asserts. Id. at 13. Defendant has the better of this argument.

The relevant inquiry is whether the probative value of a prior conviction outweighs the prejudice to the defendant. See Fed. R. Evid. 609(a)(1)(B). Courts have looked to the following factors in this balancing test: "[T]he nature of the crime, the time of conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case." Jackson, 627 F.2d at 1209. The Court looks at each of the five factors, some in combination.

The first and third — *i.e.*, the nature of the crimes and the similarity of the past crime to the charged crime — weigh against the Government. This Circuit "has instructed that 'all felonies have some probative value on the issue of credibility,' although the precise value will depend on what the felony is and how stale the felony has become." Moore, 75 F. Supp. 3d at 455 (quoting Lipscomb, 702 F.2d at 1062). The most significant are crimes of deception. In Gordon v. United States, 383 F.2d 936 (D.C. Cir. 1967), the court explained that "acts of deceit,

fraud, cheating, or stealing . . . are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence, on the other hand, . . . generally have little or no direct bearing on honesty and veracity." Id. at 940 (footnote omitted).

Many cases have tested — and reinforced — this proposition. In Lipscomb, the defendant was charged with possession of heroin with intent to distribute. The Circuit admitted evidence of his prior robbery conviction for impeachment purposes. See 702 F.2d at 1073. In doing so, it distinguished the robbery conviction from narcotics possessions, writing, "Robbery is generally less probative than crimes that involve deception or stealth." Id. at 1070–71. It also noted that "[s]uch conduct reflects more strongly on credibility" than "simple narcotics or weapons possession." Id.

Other decisions have similarly deemed a prior conviction for distribution of a controlled substance inadmissible under Rule 609 because "narcotics distribution is not a crime of dishonesty or false statement." Jennings v. Thompson, 792 F. Supp. 2d 7, 11 (D.D.C. 2011); see also United States v. Lewis, 626 F.2d 940, 946 (D.C. Cir. 1980) (holding that "[defendant's] prior felony conviction, involving as it did only 'unlawful distribution of a controlled substance,' did not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)"); United States v. Millings, 353 F.2d 121, 123 (D.C. Cir. 1976) ("We are not persuaded by the government's argument that the offenses of carrying a pistol without a license and possessing narcotics involve 'some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.'"). Here, Defendant's prior drug convictions do not involve explicit dishonest acts or false statements. Their probative value is thus low. It is true that when the nature of the prior crime is distinct from the instant offense, prejudicial impact may be lessened because it is unlikely that the jury will confuse the two and consider one as evidence bearing on the other.

See, e.g., United States v. Martin, 2025 WL 1795125, at *5 (D.D.C. June 30, 2025). Even so, the relative insignificance of drug possession to credibility means that these factors weigh in Aiken's favor.

The time of conviction, factor two, is not at issue here. Defendant's 2023 convictions for unlawful possession of a Schedule I or II controlled substance and attempted unlawful possession of liquid PCP both satisfy the ten-year limit for admissibility. See United States v. Pettiford, 238 F.R.D. 33, 40–41 (D.D.C. 2006).

The last two factors — the importance of Defendant's testimony and his credibility to the case — weigh in favor of admission for impeachment purposes, but they are not dispositive. When a defendant's credibility is particularly important to a trial, courts have found that the factor weighs in favor of admitting prior conviction evidence, at times despite the conviction not involving dishonesty. See, e.g., Anderson, 174 F. Supp. 3d at 108. In Anderson, the court found that the defendant's testimony would be particularly important because the case arose out of the recovery of a firearm and ammunition from under a bed as opposed to on the defendant's person. Id. As this is true here as well, Aiken might argue that he did not possess the contraband, and his credibility is therefore important to the case.

This factor was not dispositive in Anderson, however, and the same result obtains here. In Anderson, the court held that despite the importance of the defendant's credibility, "the convictions involve[d] crimes of impulse rather than crimes that weigh more heavily on a witness' [*sic*] credibility," and thus the probative value of admission did not outweigh the prejudicial effect. Id. As the value of the drug-conviction evidence is similarly slight, it will be excluded.

## IV. Conclusion

The Court, accordingly, will grant the Government's 404(b) Motion as to Defendant's prior firearm offense — provided the Government not disclose to the jury that the offense was for felon in possession — grant the Government's 609 Motion as to Defendant's prior firearm offense to the same extent, and deny the Government's 609 Motion as to the two narcotics convictions. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: September 9, 2026